**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RAYMOND D. HOLLEY,

    Plaintiff,

    v.

NORRIS GELMAN,

    Defendant.

NO. 3:08-CV-1710

(JUDGE CAPUTO)

**MEMORANDUM ORDER**

Plaintiff Raymond D. Holley filed a Complaint (Doc. 1) against Defendant Norris Gelman, his former attorney, on September 15, 2008, bringing a claim under 42 U.S.C. § 1983. On September 24, 2008, an administrative order was issued directing the Plaintiff to pay the filing fee or to file an Application in Forma Pauperis. (Doc. 4.) Plaintiff Holley filed his motion to proceed *in forma pauperis* on October 6, 2008. (Doc. 6.)

The decision whether to grant or deny *in forma pauperis* (IFP) status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985) (applying abuse of discretion standard to appeal). 28 U.S.C. § 1915 provides a two-step process for reviewing IFP petitions. The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d)

with 1915(e), adding bases of review).

Plaintiff is currently an inmate at State Correctional Institution-Mahanoy (SCI Mahanoy) in Frackville, Pennsylvania.  He has completed the IFP application, and has properly provided certification of his prisoner account balance.  (Doc. 6.)  According to his application, he is employed at SCI Mahanoy and receives thirty dollars ($30) per month in compensation.  His account records show occasional gifts from family or friends, totaling about four hundred dollars ($400) over the six (6) months reflected in the records.  Assuming this to be an accurate depiction of Mr. Holley's complete financial situation, he has made an adequate showing of poverty.  *See Souder v. McGuire*, 516 F.2d 820, 824 (3d Cir. 1975) (prisoners need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison" in order to litigate a case).

However, Plaintiff's motion fails the second step of IFP review.  He fails to state a claim on which relief may be granted under § 1983.  42 U.S.C. § 1983, provides "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."  It is well-settled that a defense attorney representing his client does not act "under color of" state law within the meaning of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).  Rather, a defense attorney's role is "essentially a private function." *Id*. at 319.  In his Complaint, Plaintiff alleges that Defendant Gelman "was the attorney hired by the plaintiff ... to represent him, on the matter on appeal from

2

the denial of a post conviction relief." (Compl. ¶ 2, Doc. 1.) He alleges no facts showing that Defendant acted in any way other than in his capacity as a private defense attorney. Consequently, he fails to allege that Defendant acted under color of state law and his § 1983 claim must fail.

Because Plaintiff fails to state a claim under 42 U.S.C. § 1983, his motion to proceed IFP must be denied and his case dismissed. *See* 28 U.C.S. §1915(e)(2) ("the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted").

**NOW**, this  20th  day of October, 2008, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 6) is **DENIED**.

(2)     The case is **DISMISSED** without prejudice.

(3)     The Clerk of the Court shall mark this matter **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge